# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ELVIA CORREA, | ) |
| Plaintiff, | ) |
| v. | ) No. 15-2135-STA-cgc |
| RUBIN LUBLIN TN, PLLC, and US BANK NATIONAL ASSOCIATION, | ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Before the Court are Defendants Rubin Lublin TN, PLLC and US Bank National Association's separate Motions to Dismiss the Amended Complaint (ECF Nos. 28, 29), both filed on June 24, 2015. Plaintiff Elvia Correa has responded in opposition to the Motions, and each Defendant has filed a reply brief. For the reasons set forth below, the Motions to Dismiss are **GRANTED**.

## BACKGROUND

On January 6, 2015, Plaintiff filed *pro se* a Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction in the Chancery Court for Shelby County, Tennessee. Plaintiff sought to enjoin the foreclosure of her property at 5600 Lamb Road, Arlington, Tennessee. Plaintiff alleged that Defendants failed to process regular mortgage payments or correctly apply the payments to her mortgage account. Based on the facts alleged in the Verified Petition, Plaintiff asserted claims against Defendants for violations of the federal and state Fair Debt Collections Practices Acts. Plaintiff attached a number of exhibits, including

1

correspondence from Defendants, bank statements, and mortgage statements, to the Verified Petition. On February 25, 2015, Defendants removed the Verified Petition to this Court based on the federal question presented on the face of the Petition and subsequently filed motions to dismiss the Petition. On April 15, 2015, counsel for Plaintiff entered an appearance in this matter, and at a telephonic status conference in May 19, 2015, the Court granted Plaintiff until June 1, 2015, in which to amend her pleadings and serve the amended pleading. On June 1, 2015, Plaintiff with the assistance of counsel filed the Amended Complaint (ECF No. 19) now before the Court. Both Defendants responded with Motions to Dismiss the Amended Complaint (ECF Nos. 28, 29). This matter was reassigned to the undersigned for all further proceedings on July 16, 2015.[1]

According to the Amended Complaint, a foreclosure sale of Plaintiff's property took place on January 8, 2015. Defendant U.S. Bank National Association ("U.S. Bank") had been assigned the deed of trust on Plaintiff's property without Plaintiff's knowledge just before the foreclosure on Plaintiff's property. Defendant Rubin Lublin TN, PLLC ("Rubin Lublin") was the substitute trustee acting on behalf of U.S. Bank at the foreclosure sale. Plaintiff alleges that she was not in default on her mortgage and in the alternative that "predecessor parties" misapplied payments and caused the default with the intent to foreclose on her property. Plaintiff further alleges that Defendants' conduct was misleading and generally that "robo-filings of this sort are intentionally confusing to the public and to borrowers." In her prayer for relief, Plaintiff requests that the Court award her $1 million in compensatory damages and set aside the foreclosure of her property.

---

[1] Shortly after removing this action to federal court, each Defendant filed a Rule 12(b)(6) motion to dismiss the Verified Petition. The Court denied those motions as moot by order dated July 21, 2015.

In its Motion to Dismiss, U.S. Bank argues that it was assigned the deed of trust on Plaintiff's property, and the assignment was properly recorded in the Shelby County Register's Office on November 25, 2014. Plaintiff's allegation denying that she was in default on the mortgage is conclusory and belied by the recital in the substitute trustee's deed, which US Bank has attached to its Motion to Dismiss. Likewise, Plaintiff's remaining claims about the transfer of the deed of trust are conclusory and fail to state a claim. In the alternative, U.S. Bank moves to dismiss pursuant to Rule 12(b)(4) and Rule 12(b)(5) for insufficient process and insufficient service of process. According to U.S. Bank, Plaintiff has never properly served it with a summons and complaint in this matter. For all of these reasons, U.S. Bank argues that Plaintiff's claims are subject to dismissal.

In its separate Motion to Dismiss, Rubin Lublin argues that the Amended Complaint fails to allege any cause of action against it. At best, the Amended Complaint attempts to allege that Defendants conducted a wrongful foreclosure. But Plaintiff only alleges that Rubin Lublin "knew or should have known" that Plaintiff was not in default on the mortgage. Plaintiff has not pleaded any factual matter to support her allegations. Defendant contends that this type of conclusory allegation fails to state a plausible claim for relief. Therefore, the claims against Rubin Lublin should be dismissed.

Pursuant to Local Rule 12.1(b), Plaintiff's response to the Motions was due within 28 days, that is, on or before July 22, 2015. When Plaintiff failed to respond by that date, the Court ordered Plaintiff to show cause as to why Defendants' Motions to Dismiss should not be granted. The Court entered its show cause order on July 28, 2015, and gave Plaintiff until August 4, 2015 to respond. The Court cautioned Plaintiff that failure to respond by that deadline would be deemed good grounds to grant the Motions and dismiss the Amended Complaint with prejudice.

Plaintiff filed a response on August 5, 2015, one day after the deadline set by the Court.[2] In her two-page brief Plaintiff argues that the Amended Complaint plausibly alleges that she was not in default on her mortgage. Plaintiff further relies on an affidavit she attached to another brief she filed (ECF No. 16) in response to Defendants' initial motions to dismiss. Plaintiff argues that a question of fact exists about whether she was actually in default. As such, the Court should deny Defendants' Motions to Dismiss the Amended Complaint.

Defendants have filed separate reply briefs. U.S. Bank argues that the Court should decline to consider Plaintiff's brief at all because Plaintiff filed the brief after the deadline the Court set in its show cause order for Plaintiff to respond. U.S. Bank also argues that the Court should not consider the affidavit submitted by Plaintiff. The affidavit is not a part of the pleadings, and the affidavit is not presented in an admissible form. Even if the Court did consider the affidavit and Plaintiff's claim about not being in default, the substitute trustee's deed constitutes conclusive proof of the fact that Plaintiff was in default. U.S. Bank reiterates its argument that Plaintiff has never served U.S. Bank with the summons and complaint. Plaintiff did not address this argument in her brief, and the Court should grant U.S. Bank's Motion to Dismiss for this reason alone. In its reply brief, Rubin Lublin makes some of the same arguments and also contends that Plaintiff has failed to state a claim of any kind against it in its capacity as a substitute trustee.

**STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule

---

[2] Plaintiff filed her response on August 5, 2015. However, the brief did not include the electronic signature of counsel for Plaintiff. The Clerk of Court entered a deficiency notice, and Plaintiff filed a corrected brief on August 6, 2015.

12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party.[3] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[4] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[5] Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[7] In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

## ANALYSIS

---

[3] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[4] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[5] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). See also Reilly v. Vadlamudi, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555).

[8] *Twombly*, 550 U.S. at 555, 570.

[9] *Iqbal,* 556 U.S. at 678.

The Court holds that Defendants are entitled to dismissal of Plaintiff's Amended Complaint. The Court considers each Defendant's Motion to Dismiss separately.

**I. Rubin Lublin TN, PLLC**

The Court holds that the Amended Complaint fails to state a plausible claim for relief against Rubin Lublin. As a general matter, Plaintiff has offered only the most conclusory allegations about the foreclosure of her property. The theory of recovery articulated in the Amended Complaint appears to be that Plaintiff was not in default on her mortgage, and so Defendants had no right to conduct a foreclosure sale on Plaintiff's property. The Amended Complaint alleges that "a default did not exist on the Plaintiff's property or was manufactured by the lender under accounting practices and charges that were not explained, justified, or correct."[10] None of these allegations plausibly alleges a cause of action against Rubin Lublin.

Defendant argues in its Motion to Dismiss that the Amended Complaint makes no specific allegations of wrongdoing against it. Rubin Lublin also argues that it is entitled to dismissal of Plaintiff's claims based on the allegation that Defendant knew or should have known Plaintiff was not in default. Rubin Lublin relies on Tenn. Code Ann. § 35-5-116(f), which provides that a "trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the borrower or secured party or their respective attorney, agent, or representative or other third party."[11] The Tennessee Court of Appeals has held in an unpublished decision that a complaint failing to allege that a substitute trustee had

---

[10] Am. Compl. ¶ 3.

[11] Tenn. Code Ann. § 35-5-116(f).

acted in bad faith fails to state a claim against the substitute trustee in light of this code section.[12] The Court need not actually decide the issue because Plaintiff has waived the argument by failing to address it in her response brief.[13] Therefore, Defendant Rubin Lublin's Motion to Dismiss is **GRANTED**.

## II. U.S. Bank National Association

U.S. Bank has moved for dismissal of the Amended Complaint for insufficient process under Federal Rule of Civil Procedure 12(b)(4) and insufficient service of process under Rule 12(b)(5) as well as for failure to state a claim under Rule 12(b)(6). Concerning process and service of process, this is not the first time U.S. Bank has raised the issue of incomplete service. U.S. Bank noted the defect when it removed Plaintiff's claims from state court more than six months ago and in its motion to dismiss the initial complaint on March 4, 2015. Plaintiff never addressed the issue in her two-page response to U.S. Bank's initial motion dismiss, which the Court denied as moot after Plaintiff filed her Amended Complaint. District Judge McCalla addressed the defect in service with Plaintiff at a scheduling conference on May 19, 2015, and ordered Plaintiff to file her Amended Complaint and serve it on both Defendants by June 1, 2015. Plaintiff did amend her pleadings. But the docket shows that when she amended her pleadings, Plaintiff caused summons to be issued as to Defendant Rubin Lublin but not U.S. Bank. U.S. Bank has raised the issue yet again in its Motion to Dismiss the Amended Complaint. Plaintiff's failure to serve U.S. Bank is grounds for dismissal under Rule 12(b)(5) as

---

[12] *Beal Bank, SSB v. Prince*, No.M2011-0274-COA-R3-CV, 2013 WL 411452, at *3 (Tenn. Ct. App. Jan. 31, 2013) ("There are no allegations that the Wilson defendants acted in bad faith when relying on the information provided by LPP Mortgage and Countrywide.").

[13] *Allstate Ins. Co. v. Global Medical Billing, Inc.*, 520 F. App'x 409, 412 (6th Cir. 2013) ("Plaintiff's failure to respond to Defendants' attack on its standing [in a motion to dismiss] and its failure to refute the assertion that it had been fully reimbursed amounts to a waiver of the argument, and we decline to address it on appeal.").

well as Ruled 4(m), which requires a plaintiff to serve a defendant with a pleading within 120 days. Nevertheless, Plaintiff has once more failed to address the issue in a two-page response brief. Plaintiff's failure to address this dispositive argument amounts to a waiver of the issue. Dismissal of Plaintiff's claim against U.S. Bank would be proper for these reasons alone.

In the alternative, the Court holds that Plaintiff has failed to state a plausible claim for relief against U.S. Bank. Plaintiff has failed to allege facts to show any entitlement to relief against U.S. Bank resulting from the U.S. Bank's alleged mismanagement of her account. According to the Amended Complaint, another entity assigned Plaintiff's note to U.S. Bank on November 24, 2014. The foreclosure on Plaintiff's home occurred on January 8, 2015. As previously discussed, the gravamen of Plaintiff's Amended Complaint is that U.S. Bank wrongly foreclosed on her property because Plaintiff was not actually in default on her mortgage. However, Plaintiff has not shown how any action of U.S. Bank breached the terms of the deed of trust or the promissory note. In fact, the Amended Complaint alleges that "any default that allegedly existed was completely manufactured by the predecessor parties in interest."[14] Based on the allegations of the Amended Complaint, the Court holds that Plaintiff has failed to state a claim for relief against U.S. Bank.

Plaintiff has alleged that U.S. Bank "knew or should have known" she was not in default. Plaintiff has failed to allege any facts to support her claim that she was not in default. The Amended Complaint does not allege the amount of Plaintiff's regularly scheduled payment, the terms of her note, what payments Plaintiff did make, or any other information to show that she had met her obligations under the deed of trust and the promissory note. Plaintiff has simply

---

[14] Am. Compl. ¶ 7.

stated that she made all "required payments under the note and deed of trust."[15] It is true that the Amended Complaint refers to an affidavit, which Plaintiff filed on the docket as an attachment (ECF No. 16-1) to Plaintiff's earlier response in opposition to U.S. Bank's initial motion to dismiss.[16] Even assuming that the affidavit is properly considered part of the pleadings, Plaintiff only states there that Bank of America, which is not a party to this action, did not initially require her to escrow property taxes and insurance and that she paid all taxes as they became due. Then, in 2010, Bank of America began requiring Plaintiff to pay property taxes and insurance into escrow each month. Plaintiff asserts in her affidavit that from that time on, her "lender" misapplied her payments to the account. Notably, none of her contentions concern U.S. Bank or actually show that Plaintiff had paid the escrow items as required by Bank of America. Therefore, the Court holds that Plaintiff has failed to state any claim against U.S. Bank, and so the Motion to Dismiss is **GRANTED**.

    **IT IS SO ORDERED.**

                                            s/ S. Thomas Anderson
                                             S. THOMAS ANDERSON
                                             UNITED STATES DISTRICT JUDGE

                                             Date: September 8, 2015.

---

[15] *Id.* ¶ 6.

[16] The Court's analysis at the pleadings stage is confined to the well-pleaded allegations of the Amended Complaint. Strictly speaking, Plaintiff's affidavit is not part of the pleadings, even though Plaintiff had the opportunity to amend her Complaint and include the new factual material in her pleadings.